IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03135-RPM-MJW

TIMOTHY P. FOX,

    Plaintiff,

v.

MORREALE HOTELS, LLC., a Colorado Limited Liability Company, and
SKETCH RESTAURANT, LLC d/b/a EL DIABLO, Colorado Limited Liability Company,

    Defendant.

**ORDER REGARDING DEFENDANTS' MOTION FOR PROTECTIVE ORDER
(DOCKET NO. 28)**

**Entered by U.S. Magistrate Judge Michael J. Watanabe**

    This matter is before the court on Defendants' Motion for Protective Order (docket no. 28). The court has reviewed the subject motion (docket no. 28), the response (docket no. 38), and the reply (docket nos. 42 and 46). In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

    Plaintiff's Amended Complaint (docket no. 10) alleges that Defendants violated the Americans with Disabilities Act ("ADA") when they altered the El Diablo Restaurant (hereinafter "restaurant") and in their operation of the restaurant. See 42 U.S.C. §

2

12181, et seq., and, *in particular*, 42 U.S.C. §§ 12182(a) and 12183(a)(2). Plaintiff further alleges in his Amended Complaint that Defendants created inaccessible areas in the restaurant that did not exist before. In essence, Plaintiff argues that the seating areas in the restaurant are not "readily accessible" to customers who use wheelchairs. See Amended Complaint (docket no. 10) at paragraphs 16-19, inclusive, and 33-34, inclusive. Plaintiff further alleges that Defendants' alterations fail to comply with the ADA. See 42 U.S.C. § 12183(a)(2) ("Alterations Statute"). Plaintiff argues that under the Alterations Statute, unlawful discrimination means a "failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs." See Amended Complaint (docket no. 10) at paragraph 51. Moreover, Plaintiff argues that the restaurant only has two tables inside the restaurant that may be actually accessible to and usable by individuals who use wheelchairs, and those two tables are segregated in a corner. See Amended Complaint (docket no. 10) at paragraphs 27-29, inclusive.

In the subject motion (docket no. 28), Defendants seek a Protective Order from this court limiting their scope of disclosure to Plaintiff's discovery requests. In particular, Defendants request that this court limit the scope of their disclosure as to Plaintiff's Request for Production of Documents numbered 3-6, inclusive, and 8; Interrogatories numbered 1, 3, and 6-10, inclusive; and Request for Admissions numbered 4, 5, 10, and 14.

Defendants argue that since Plaintiff Fox's claims allege only that the elevated bar and counter areas of the restaurant are inaccessible to him, then discovery should

3

be limited to matters within the scope of ADAAG Sections 5.2 and 5.4. See 28 C.F.R. Part 36, Appendix D at §§ 5.2 and 5.4. Defendants argue that these matters should include: (1) whether the restaurant provides services to individuals who require a motorized or hand driven wheelchair for mobility in accessible space; (2) whether the same services and decor are provided in that space; (3) whether the space is usable by the general public; (4) whether the space is or is not restricted to use by people with disabilities; and (5) whether service is available at accessible tables in the same area as the elevated bar and counter areas of the restaurant.

Defendants argue that the above discovery requests, if not limited in scope by the court, would be unduly burdensome to Defendants and not germane to any of the claims or defenses in this case and are not reasonably calculated to lead to the discovery of admissible evidence.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That before opening the El Diablo Restaurant in August 2010, Defendants renovated the space where such restaurant is located. See Amended Complaint (docket no. 10) paragraph 16;

5. That the parties agree that the renovations to the restaurant are

"alterations" as that term is used in the ADA Accessibility Guidelines ("ADAAG"). Plaintiff Timothy P. Fox (hereinafter "Plaintiff Fox") further agrees that this case is only about alterations, not new construction. See docket no. 20 at paragraph 3(a) at page 2 and Amended Complaint (docket no. 10), paragraphs 52-57, inclusive;

6. That the parties also agree that the restaurant is a place of public accommodation as defined by the ADA. See Scheduling Order (docket no. 20) at paragraph 4(e);

7. That Defendants do not dispute that Plaintiff Fox has a disability and he requires a motorized wheelchair for mobility. See Scheduling Order (Docket no. 20) at paragraph 4(d);

8. That the thrust of Plaintiff Fox's Amended Complaint (docket no. 10) is that Defendants allegedly violated the ADA, even though the street-level and patio areas of the restaurant are accessible to Plaintiff, because the elevated bar and counter areas of the restaurant are purportedly not accessible to him. See Amended Complaint (docket no. 10) at paragraphs 27-29, inclusive, and 58 and also see Scheduling Order (docket no. 20) at paragraph 3(a) at page 1-2;

9. That ADAAG Section 5.2 Counters and Bars provides:

> Where food or drink is served at counters exceeding 34 in (865 mm) in height for consumption by customers seated on

5

> stools or standing at the counter, a portion of the main counter which is 60 in (1525 mm) in length minimum shall be provided in compliance with 4.32 or service shall be available at accessible tables within the same area.

See 28 C.F.R. Part 36, Appendix D at § 5.2.;

10. That ADAAG Section 5.4 provides, *in pertinent part*, as follows:

> In new construction, all dining areas, including raised or sunken dining areas, loggias, and outdoor seating areas, shall be accessible. In non-elevator buildings, an accessible means of vertical access to the mezzanine is not required under the following conditions: 1) the area of mezzanine seating measures no more than 33 percent of the area of the total accessible seating area; 2) the same services and decor are provided in an accessible space usable by the general public; and, 3) the accessible areas are not restricted to use by people with disabilities. In alterations, accessibility to raised or sunken dining areas, or to all parts of outdoor seating areas is not required provided that the same services and decor are provided in an accessible space usable by the general public and are not restricted to use by people with disabilities.

See 28 C.F.R. Part 36, Appendix D at § 5.4.;

11. That discovery must be "relevant to any party's claim or defense."

See Fed. R. Civ. P. 26(b)(1). "A court's determination whether a discovery request is 'relevant to any party's claim or defense' must look beyond the allegation of a claim or defense to the controlling substantive law." 6 James Wm. Moore, Moore's Federal Practice § 26.41[6][c] (3rd Edition 2011). See also, e.g., In re PE Corp. Secs. Litig., 221 F.R.D. 20, 24 (D. Conn. 2003) (citing Moore's, noting that facts must be germane to a claim or defense alleged in a pleading to be discoverable); Montana Fish, Wildlife, & Parks Found., Inc. v. United States, 91 Fed. Cl. 434, 445 n.10 (Fed. Cl. 2010) (stating that a discoverable fact must be "germane to a specific claim or defense asserted in the pleadings for information concerning [the fact] to be a proper subject of discovery");

12. That Fed. R. Civ. P. 26(c) provides that for "good cause" shown the court may enter an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. It is the burden of the party seeking the protective order (here, the Defendants) to establish sufficient "good cause." Nestle Foods Corp. v. Aetna Cas. & Surety Co., 129 F.R.D. 483, 484 (D.N.J. 1990); United States v. Hooker Chems. & Plastics Corp., 90 F.R.D. 421, 425 (W.D.N.Y 1981);

13. That courts must be vigilant to ensure that its processes are not used improperly for purposes unrelated to their role. See Drake v. Benedek Broadcasting Corp., 2000 WL 156825, at *2 (D. Kan. Feb.

9, 2000). Last, the decision to issue a protective order rests within the sound discretion of the trial court. Wang v. Hsu, 919 F.2d 130, 130 (10th Cir. 1990);

14. That Plaintiff's Interrogatory No. 1 is overly broad and unduly burdensome as drafted, and Defendants need not respond further to this Interrogatory;

15. That Plaintiff's Interrogatory No. 3 is not overly broad or unduly burdensome and may lead to the discovery of admissible evidence. Further, Interrogatory No. 3 does not violate the attorney-client privilege since it simply asks to identify the person and does not seek any actual communication information between counsel for the Defendant and with such identified person;

16. That Plaintiff's Interrogatory No. 6 constitutes multiple interrogatories as drafted and unduly burdensome, and Defendants need not respond further to this Interrogatory;

17. That Plaintiff's Interrogatory No. 7 is vague as to a time frame when such tables, chairs, and stools were present, and Defendants need not respond further to this Interrogatory;

18. That Plaintiff's Interrogatories Nos. 8, 9, and 10 are not overly broad or unduly burdensome and may lead to the discovery of admissible evidence;

19. That as to Requests for Production Nos. 3 and 8, Defendants have asserted the attorney-client privilege and attorney work-product

8

doctrine. The court will need to review, *in camera*, Defendants' written correspondence to this Request for Production No. 3 to determine whether such privilege applies and whether the attorney work-product doctrine applies;

20. That Request for Production No. 4 is not overly broad or unduly burdensome and may lead to the discovery of admissible evidence;

21. That Request for Production No. 5 is overly broad and unduly burdensome as drafted, and Defendants need not respond further to this request;

22. That Request for Production No. 6 is overly broad and unduly burdensome as drafted, and Defendants need not respond further to this request; and

23. That Request for Admissions Nos. 4, 5, 10, and 14 are not overly broad or unduly burdensome and may lead to the discovery of admissible evidence.

### ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Defendants' Motion for Protective Order (docket no. 28) is **GRANTED IN PART, DENIED IN PART, AND THE COURT RESERVES RULING IN PART**. The Subject Motion is GRANTED as to Plaintiff's Interrogatories Nos. 1, 6, and 7. Defendants are not

9

required to respond further to these Interrogatories.  The Subject Motion is also GRANTED as to Plaintiff's Requests for Production Nos. 4, 5, and 6.  Defendants are not required to respond further to these Requests for Production of Documents.

The Subject Motion is DENIED as to Plaintiff's Interrogatories Nos. 3, 8, 9, and 10.  The Subject Motion is also DENIED as to Plaintiff's Request for Admissions Nos. 4, 5, 10, and 14.  Defendants shall fully respond to these Interrogatories and Request for Admissions on or before August 12, 2011.

The court will RESERVE RULING on the Subject Motion as to Plaintiff's Requests for Production Nos. 3 and 8.  Defendants shall file with court, for *in camera* inspection, those documents responsive to Plaintiff's Requests for Production Nos. 3 and 8 along with a privilege log.  Such documents shall be filed under SEAL with the court consistent with D.C.COLO.LCivR 7.2.  Such documents and the privilege log shall be filed with the court on or before July 29, 2011.  The court will review the privilege log and such documents, *in camera*, and then issue a ruling on Requests for Production Nos. 3 and 8; and

2. That each party shall pay their own attorney fees and costs for this motion.

10

Done this 20th day of July 2011.

                                               BY THE COURT

                                               <u>s/Michael J. Watanabe</u>
                                               MICHAEL J. WATANABE
                                               U.S. MAGISTRATE JUDGE