IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03135-RPM-MJW

TIMOTHY P. FOX,

      Plaintiff,

v.

MORREALE HOTELS, LLC., a Colorado Limited Liability Company, and
SKETCH RESTAURANT, LLC d/b/a EL DIABLO, Colorado Limited Liability Company,

      Defendant.

---

## ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL (DOCKET NO. 39)

---

**Entered by U.S. Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's Motion to Compel (docket no. 39).

The court has reviewed the subject motion (docket no. 39) and the response (docket no.

52).  In addition, the court has taken judicial notice of the court file and has considered

applicable Federal Rules of Civil Procedure and case law.  The court now being fully

informed makes the following findings of fact, conclusions of law, and Order.

Plaintiff's Amended Complaint (docket no. 10) alleges that Defendants violated

the Americans with Disabilities Act ("ADA") when they altered the El Diablo Restaurant

(hereinafter "restaurant") and in their operation of the restaurant.  See 42 U.S.C. §

12181, et seq., and, *in particular*, 42 U.S.C. §§ 12182(a) and 12183(a)(2).  Plaintiff

further alleges in his Amended Complaint that Defendants created inaccessible areas in

the restaurant that did not exist before.  In essence, Plaintiff argues that the seating

areas in the restaurant are not "readily accessible" to customers who use wheelchairs.

2

See Amended Complaint (docket no. 10) at paragraphs 16-19, inclusive, and 33-34,

inclusive.  Plaintiff further alleges that Defendants' alterations fail to comply with the

ADA.  See 42 U.S.C. § 12183(a)(2) ("Alterations Statute").  Plaintiff argues that under

the Alterations Statute, unlawful discrimination means a "failure to make alterations in

such a manner that, to the maximum extent feasible, the altered portions of the facility

are readily accessible to and usable by individuals with disabilities, including individuals

who use wheelchairs."  See Amended Complaint (docket no. 10) at paragraph 51.

Moreover, Plaintiff argues that the restaurant only has two tables inside the restaurant

that may actually be accessible to and usable by individuals who use wheelchairs.  See

Amended Complaint (docket no. 10) at paragraphs 27-29, inclusive.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That before opening the El Diablo Restaurant in August 2010, Defendants renovated the space where such restaurant is located. See Amended Complaint (docket no. 10) paragraph 16;

5. That the parties agree that the renovations to the restaurant are "alterations" as that term is used in the ADA Accessibility Guidelines ("ADAAG").  Plaintiff Timothy P. Fox (hereinafter

3

"Plaintiff Fox") further agrees that this case is only about alterations, not new construction.  See docket no. 20 at paragraph 3(a) at page 2 and Amended Complaint (docket no. 10), paragraphs 52-57, inclusive;

6.      That the parties also agree that the restaurant is a place of public accommodation as defined by the ADA.  See Scheduling Order (docket no. 20) at paragraph 4(e);

7.      That Defendants do not dispute that Plaintiff Fox has a disability and he requires a motorized wheelchair for mobility.  See Scheduling Order (docket no. 20) at paragraph 4(d);

8.      That the thrust of Plaintiff Fox's Amended Complaint (docket no. 10) is that Defendants allegedly violated the ADA, even though the street-level and patio areas of the restaurant are accessible to Plaintiff, because the elevated bar and counter areas of the restaurant are purportedly not accessible to him.  See Amended Complaint (docket no. 10) at paragraphs 27-29, inclusive, and 58 and also see Scheduling Order (docket no. 20) at paragraph 3(a) at page 1-2;

9.      That ADAAG Section 5.2 Counters and Bars provides:

Where food or drink is served at counters exceeding 34 in (865 mm) in height for consumption by customers seated on stools or standing at the counter, a portion of the main counter which is 60 in (1525 mm) in length minimum shall be

4

provided in compliance with 4.32 or service shall be

available at accessible tables within the same area.

See 28 C.F.R. Part 36, Appendix D at § 5.2.;

10.    That ADAAG Section 5.4 provides, *in pertinent part*, as follows:

In new construction, all dining areas, including raised or

sunken dining areas, loggias, and outdoor seating areas,

shall be accessible.  In non-elevator buildings, an accessible

means of vertical access to the mezzanine is not required

under the following conditions: 1) the area of mezzanine

seating measures no more than 33 percent of the area of the

total accessible seating area; 2) the same services and

decor are provided in an accessible space usable by the

general public; and, 3) the accessible areas are not

restricted to use by people with disabilities.  In alterations,

accessibility to raised or sunken dining areas, or to all parts

of outdoor seating areas is not required provided that the

same services and decor are provided in an accessible

space usable by the general public and are not restricted to

use by people with disabilities.

See 28 C.F.R. Part 36, Appendix D at § 5.4.;

11.    That discovery must be "relevant to any party's claim or defense."

See Fed. R. Civ. P. 26(b)(1).  "A court's determination whether a

discovery request is 'relevant to any party's claim or defense' must

5

look beyond the allegation of a claim or defense to the controlling

substantive law."   6 James Wm. Moore, Moore's Federal Practice

§ 26.41[6][c] (3rd Edition 2011).  See also, e.g., In re PE Corp.

Secs. Litig., 221 F.R.D. 20, 24 (D. Conn. 2003) (citing Moore's,

noting that facts must be germane to a claim or defense alleged in

a pleading to be discoverable); Montana Fish, Wildlife, & Parks

Found., Inc. v. United States, 91 Fed. Cl. 434, 445 n. 10 (Fed. Cl.

2010) (stating that a discoverable fact must be "germane to a

specific claim or defense asserted in the pleadings for information

concerning [the fact] to be a proper subject of discovery");

12.    That once the "low burden of relevance is established, the legal

burden regarding the defense of a motion to compel resides with

the party opposing the discovery request." McCloud v. Board of

Geary County Comm'rs, 2008 WL 173444, at * 2 (D. Kan Apr. 11,

2008) (citing Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658,

661, 662, 666 (D. Kan 2004) (stating that the party resisting a

discovery request based on overbreadth, vagueness, ambiguity, or

undue burden/expense objections bears the burden to support the

objections));

13.    That courts must be vigilant to ensure that its processes are not

used improperly for purposes unrelated to their role.  See Drake v.

Benedek Broadcasting Corp., 2000 WL 156825, at *2 (D. Kan. Feb.

9, 2000);

6

14.   That as to Plaintiff's Interrogatories Nos. 1, 3, 6, 7, 8, 9, and 10, this court addressed these Interrogatories in this court's Order Regarding Defendants' Motion for Protective Order (docket no. 72);

15.   That Plaintiff's Interrogatory No. 2 is overly broad or unduly burdensome, and Defendants need not respond further to this Interrogatory;

16.   That Plaintiff's Interrogatory No. 11 is overly broad and also vague as to "good faith efforts," and Defendants need not respond further to this Interrogatory;

17.   That Plaintiff's Interrogatory No. 12 is not overly broad or unduly burdensome and may lead to the discovery of admissible evidence. Further, Interrogatory No. 12 does not violate the attorney-client privilege since it is simply asks to identify the person and does not seek any actual communication information between counsel for Defendants and with such identified person;

18.   That as to Plaintiff's Request for Production Nos. 3, 4, 5, and 6, this court addressed these Requests for Production in this court's Order Regarding Defendants' Motion for Protective Order (docket no. 72); and

19.   That as to Plaintiff's Requests for Production Nos. 1, 7, 8, and 9, Defendants have asserted the attorney-client privilege and attorney work-product doctrine.  The court will need to review, *in camera*,

7

Defendants' written correspondence to Requests for Production

Nos. 1, 7, 8, and 9 to determine whether such privilege applies and

whether the attorney work-product doctrine applies;

20.     That Plaintiff's Request for Production No. 2 is not overly broad and

unduly burdensome and may lead to the discovery of admissible

evidence; and

21.     That as to Plaintiff's Request for Admissions Nos. 4, 5, 10, and 14,

this court addressed these Requests for Admissions in this court's

Order Regarding Defendants' Motion for Protective Order (docket

no. 72).

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law this

court **ORDERS**:

1.     That Plaintiff's Motion to Compel (docket no. 39) is **GRANTED IN

PART, DENIED IN PART, AND THE COURT RESERVES RULING

IN PART**.  The Subject Motion is GRANTED as to Plaintiff's

Interrogatory No. 12 and Plaintiff's Request for Production No. 2.

Defendants shall fully respond to Interrogatory No. 12 and Request

for Production No. 2 on or before August 12, 2011.


The Subject Motion is DENIED as to Plaintiff's Interrogatories Nos.

2 and 11.  Defendants are not required to respond further to these

8

Interrogatories.

The court will RESERVE RULING on the Subject Motion as to Plaintiff's Requests for Production Nos. 1, 7, 8, and 9.  Defendants shall file with court, for *in camera* inspection, those documents responsive to Plaintiff's Requests for Production Nos. 1, 7, 8, and 9 along with a privilege log.  Such documents shall be filed under SEAL with the court consistent with D.C.COLO.LCivR 7.2.  Such documents and the privilege log shall be filed with the court on or before July 29, 2011.  The court will review the privilege log and such documents, *in camera*, and then issue a ruling on Requests for Production Nos. 1, 7, 8, and 9; and

2.      That each party shall pay their own attorney fees and costs for this motion.

Done this 20th day of July 2011.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE