IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03135-RPM-MJW

TIMOTHY P. FOX,

    Plaintiff,

v.

MORREALE HOTELS, LLC., a Colorado Limited Liability Company, and
SKETCH RESTAURANT, LLC d/b/a EL DIABLO, Colorado Limited Liability Company,

    Defendant.

## MINUTE ORDER

**Entered by U.S. Magistrate Judge Michael J. Watanabe**

    It is hereby **ORDERED** that Plaintiff's Motion to Amend Scheduling Order Deadlines (docket no. 41) is **GRANTED** finding good cause shown.  The Rule 16 Scheduling Order (docket no. 20) is amended as follows.  The deadline to join parties or amend the pleadings is extended to August 9, 2011.  The deadline for a party bearing the burden of persuasion on the issues for which expert opinion is to be offered shall designate the expert and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2)(B) on or before August 22, 2011.  The deadline for a party to designate a rebuttal expert and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2)(B) is September 22, 2011.  The deadline to complete discovery remains set on October 20, 2011.  The deadline to file dispositive motions remains set on November 21, 2011.  See Scheduling Order (docket no. 20) entered by Judge Matsch on April 20, 2011, wherein Judge Matsch set deadlines to complete discovery and to file dispositive motions.

    It is **FURTHER ORDERED** that Plaintiff's Motion to Stay Discovery and Scheduling Order Pending Resolution of Plaintiff's Motion for Partial Summary Judgment (docket no. 63) is **DENIED** for the following reasons.

    The decision to issue a stay of pretrial proceedings rests within the sound discretion of the trial court.  Landis v. North American Co., 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").  A stay is warranted upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or

2

undue burden or expense." See Fed. R. Civ. P. 26(c).

Here, the court finds, after reviewing the legal arguments presented by the parties, that Plaintiff has not demonstrated a real hardship or inequity if a stay is not granted. Ben Ezra, Weinstein, & Co. v. America Online Inc., 206 F.3d 980, 987 (10th Cir. 2000). Accordingly, in this court's discretion and in the interest of justice pursuant to S.E.C. v. Nacchio, 2005 WL 1799372 (D. Colo. July 28, 2005), the Plaintiff's subject motion (docket no. 63) should be DENIED.

It is **FURTHER ORDERED** that Defendants' Motion to Seal Confidential Discovery Material Placed in the Public Court Record by Plaintiff in Disregard of this Court's Confidentiality Order and Request for Attorneys' Fees (docket no. 49) is **GRANTED** finding that the documents [docket nos. 38-5 and 39-11] are protected under Judge Matsch's Order dated May 20, 2011, which is captioned Stipulation and Order Protecting Confidential Material (docket no. 37). Accordingly, this court **ORDERS** that (a) Exhibit 4 to the Declaration of Kevin Williams, dated May 28, 2011 [docket no. 38-5], filed in support of Plaintiff's Response to Defendants' Motion for Protective Order, and (b) Exhibit J to the Declaration of Kevin Williams, dated June 6, 2011 [docket no. 39-11], filed in support of Plaintiff's Motion to Compel Discovery, shall be SEALED by the Clerk of Court and not opened except by further Order of Court. Each party shall pay their own attorney fees and costs for the subject motion (docket no. 49).

It is **FURTHER ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint (docket no. 47) is **GRANTED**, and the Second Amended Complaint (docket no. 47-1) is accepted for filing as of the date of this minute order, for the following reasons.

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted).

As to Defendant's futility argument, Judge Ebel has previously addressed that issue in the case of General Steel Domestic Sales, LLC v. Steelwise, LLC, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008). In the General Steel case, Judge Ebel stated, *in pertinent part*: ". . . Defendants' futility argument seems to place the cart before the horse. Rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place."

It is **FURTHER ORDERED** that Defendants' Motion for An Extension of Time to Respond to Plaintiff's Motion for Partial Summary Judgment [docket no. 48] Pending

3

this Court's Ruling on Defendants' Motion for Protective Order (docket no. 62) is **GRANTED** finding good cause shown.  Defendants shall have up to and including August 15, 2011, to file their Response to Plaintiff's Motion for Partial Summary Judgment (docket no. 48).  Plaintiff shall then have up to and including August 19, 2011, to file any Reply.

It is **FURTHER ORDERED** that Defendants' Motion for an Expedited Hearing Concerning the Deadline for Responding to Plaintiff's Motion for Partial Summary Judgment (docket no. 70) is **DENIED AS MOOT**.

Date: July 20, 2011