IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03135-RPM-MJW

TIMOTHY P. FOX,
JON JAIME LEWIS,
JULIE REISKIN, and
COLORADO CROSS-DISABILITY COALITION,

    Plaintiffs,

v.

MORREALE HOTELS, LLC., a Colorado Limited Liability Company, and
SKETCH RESTAURANT, LLC d/b/a EL DIABLO, Colorado Limited Liability Company,

    Defendants.

---

**ORDER REGARDING
(1) DEFENDANTS' MOTION FOR PROTECTIVE ORDER [CONCERNING PLAINTIFF'S REQUESTS FOR PRODUCTION NOS. 3 AND 8] (DOCKET NO.28)
AND
(2) PLAINTIFF'S MOTION TO COMPEL [CONCERNING PLAINTIFF'S REQUESTS FOR PRODUCTION NOS. 1, 7, 8, AND 9 ] (DOCKET NO. 39)**

---

**Entered by U.S. Magistrate Judge Michael J. Watanabe**

    This matter is before the court for *in camera* review of documents submitted under seal regarding Defendants' Motion for Protective Order [concerning Plaintiff's Requests for Production Nos. 3 and 8] and Plaintiff's Motion to Compel [concerning Plaintiff's Requests for Production Nos. 1, 7, 8, and 9] (docket no. 39). This court reserved ruling on docket no. 28 until this court had an opportunity to review, *in camera*, such documents pertaining to Plaintiff's Request for Production Nos. 3 and 8 and also reserved ruling on docket no. 39 until this court had an opportunity to review, *in camera*,

2

such documents pertaining to Plaintiff's Request for Production Nos. 1, 7, 8, and 9. See Order Regarding Defendants' Motion for Protective Order (docket no. 72) and Order Regarding Plaintiff's Motion to Compel (docket no. 73). In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

Plaintiffs' Second Amended Complaint (docket no. 75) alleges that Defendants violated the Americans with Disabilities Act ("ADA") and the Colorado Anti-Discrimination Act when they altered the El Diablo Restaurant (hereinafter "restaurant") and in their operation of the restaurant. See 42 U.S.C. § 12181, et seq., and, *in particular*, 42 U.S.C. §§ 12182(a) and 12183(a)(2) and § 24-34-601, et seq., C.R.S. Plaintiffs further allege that Defendants created inaccessible areas in the restaurant that did not exist before. In essence, Plaintiffs argue that the seating areas in the restaurant are not "readily accessible" to customers who use wheelchairs. Plaintiffs further allege that Defendants' alterations fail to comply with the ADA. See 42 U.S.C. § 12183(a)(2) ("Alterations Statute"). Plaintiffs argue that under the Alterations Statute, unlawful discrimination means a "failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs." (Second Amended Complaint, docket no. 75, at 24, ¶ 199). Plaintiffs further argue that the restaurant only has two tables inside the restaurant that may actually be accessible to and usable by individuals who use wheelchairs.

3

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That documents responsive to Defendants' Motion for Protective Order [concerning Plaintiff's Requests for Production Nos. 3 and 8] and Plaintiff's Motion to Compel [concerning Plaintiff's Requests for Production Nos. 1, 7, 8, and 9] (docket no. 39) have been submitted to this court for *in camera* review by Defendants along with a privilege log. Such documents are bates stamped from ICR-E 0000001 through ICR-E 0000164, inclusive. See Exhibit A Defendants' Privilege Log (docket no. 79) and actual documents (Exhibit B). These documents have now been reviewed, *in camera*, by this court;

5. That "[a] document is protected by the attorney client privilege if it reveals a communication between a client and an attorney, made in order to obtain or deliver legal assistance, that was intended to be treated as confidential." Aull v. Cavalcade Pension Plan, 185 F.R.D. 618, 624 (D. Colo. 1998) (citing In re Grand Jury Subpoena, 697 F.2d 277, 278 (10th Cir. 1983)). Furthermore, "[a] document is

4

protected by the work product privilege if it was prepared in anticipation of litigation by another party or that party's representative, and was intended to remain confidential." Id. "A party asserting a privilege has the burden of establishing that the privilege is applicable. A party asserting waiver of a privilege has the burden of establishing the waiver." Id.; and

6. That such documents bates stamped from ICR-E 0000001 through ICR-E 0000164, inclusive, are ALL protected by the attorney-client privilege and the work product doctrine and therefore not discoverable.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Defendants' Motion for Protective Order [concerning Plaintiff's Requests for Production Nos. 3 and 8] (docket no. 28) is GRANTED;

2. That Plaintiff's Motion to Compel [concerning Plaintiff's Requests for Production Nos. 1, 7, 8, and 9] (docket no. 39) is DENIED;

3. That the documents bates stamped from ICR-E 0000001 through ICR-E 0000164, inclusive, shall remain SEALED and not opened except by further Order of Court; and

4. That each party shall pay their own attorney fees and costs for this

motion.

Done this 3rd day of August 2011.

>BY THE COURT
>
>s/Michael J. Watanabe
>MICHAEL J. WATANABE
>U.S. MAGISTRATE JUDGE