IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03135-RPM-MJW

TIMOTHY P. FOX,
JON JAIME LEWIS,
JULIE REISKIN, and
COLORADO CROSS-DISABILITY COALITION,

Plaintiffs,

v.

MORREALE HOTELS, LLC., a Colorado Limited Liability Company, and
SKETCH RESTAURANT, LLC d/b/a EL DIABLO, Colorado Limited Liability Company,

Defendants.

---

## MINUTE ORDER

---

**Entered by Magistrate Judge Michael J. Watanabe**

It is hereby **ORDERED** that Plaintiffs' Motion to Compel and Request for Expedited Hearing (docket no. 102) is **GRANTED IN PART AND DENIED IN PART** as stated below.

It Is **FURTHER ORDERED** that each party shall pay their own attorney fees and costs for the subject motion (docket no. 102).  I find under the facts and circumstances of this case that an award of expenses would be unjust.  See Fed. R. Civ. P. 37(a)(5)(A)(iii).

The subject motion (docket no. 102) is **GRANTED** as to requiring Defendants to respond to Plaintiffs' interrogatories and requests for production of documents being objected to by Defendants on the grounds that Plaintiffs have exceeded the number of interrogatories and requests for production of documents that this court has allowed. On August 12, 2011, Magistrate Judge Watanabe granted Plaintiffs' request for an additional 25 interrogatories and for an additional 25 requests for production of documents, noting that additional Plaintiffs were added to this lawsuit who were not named Plaintiffs when this court [Judge Matsch] entered the original Rule 16 Scheduling Order.  See Scheduling Order dated April 20, 2011 (docket no. 20).  Defendants have agreed and did serve discovery responses to Plaintiffs on these discovery requests as of August 26, 2011.  See Exhibits C, I, and J attached to Response (docket no. 111).

2

The subject motion (docket no. 102) is **DENIED as to requiring Defendants to file an Answer to the Second Amended Complaint.**  Defendants have filed Answers to the Second Amended Complaint on August 22, 2011.  See docket nos. 108 and 109.

The subject motion is also **DENIED** as to **Plaintiffs' Request for Production ("RFP") No. 20** since Plaintiffs have not specifically alleged barriers to access and proposed methods of barrier removal, and if Defendants take the position that removal of such barriers is not readily achievable, they will supplement their response to RFP No. 20.  Therefore there is nothing to compel at this time in Plaintiff's RFP No. 20.

The subject motion is also **DENIED** as to **Plaintiff's RFP No. 12** because Defendants have already responded to RFP No. 12 by informing Plaintiffs that they did not possess the requested documents because invoices and checks related to the alternation were not broken down by, or allocated to, specific elements or spaces within the restaurant in the manner requested by Plaintiffs.  See Exhibit C at page 3 attached to Response (docket no. 111).  Further, Magistrate Judge Watanabe ruled on August 12, 2011, in connection with Plaintiffs' request for inspection of the El Diablo Restaurant that areas not used by customers, such as the kitchen and any office areas, are outside the scope of discovery.  See docket no. 98.  Magistrate Judge Watanabe has also already ruled when granting Defendants' Motion for Protective Order (docket no. 72) that (1) other aspects of the alternations, such as changes to structural elements and mechanical and electrical systems, are outside the scope of discovery and (2) requests for production seeking, other things, purchase orders and other cost information related to the design and construction of the Fixed Seating Areas are overly broad and unduly burdensome as drafted.  See docket no. 72 at paragraphs 21 and 22.  Furthermore, Plaintiffs have failed to demonstrate that such information regarding the cost of alterations to customer areas is reasonably calculated to lead to the discovery of admissible evidence at trial.

The subject motion is also **DENIED** as to **Plaintiffs' RFP No. 13.**  I find that Defendants have produced the contract requested in RFP No. 13.  See document bates stamped number MH000323-362, inclusive.

The subject motion is also **DENIED** as to **Plaintiffs' RFP Nos. 11 and 18 and Plaintiffs' Interrogatory No. 15** since Defendants have already informed Plaintiffs that M Inc. is an entity that has no involvement in the operations of the El Diablo Restaurant and does not have any ownership interest in the space in which the El Diablo Restaurant is located, and therefore such information in irrelevant to this lawsuit and will not lead to the discovery of admissible evidence at trial.

Date: September 2, 2011 _____