IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03135-RPM-MJW

TIMOTHY P. FOX,
JON JAIME LEWIS,
JULIE REISKIN, and
COLORADO CROSS-DISABILITY COALITION, Colorado non-profit corporation,

    Plaintiffs,

v.

MORREALE HOTELS, LLC., a Colorado limited liability company, and
SKETCH RESTAURANT, LLC d/b/a EL DIABLO, Colorado limited liability company,

    Defendants.

---

**ORDER REGARDING
PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL AND THIRD
AMENDED COMPLAINT (DOCKET NO. 113)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

    This matter is before the court on Plaintiffs' Motion for Leave to File Supplemental and Third Amended Complaint (docket no. 113). The court has reviewed the subject motion (docket no. 113), the response (docket no. 117), and the reply (docket no. 121). In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

    The court finds:

        1.    That I have jurisdiction over the subject matter and over the parties

2

to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That the parties have failed to resolve some very basic discovery issues between themselves without court intervention. Instead, this court has had to rule on numerous discovery issues. See docket;

5. That there was a discovery dispute regarding an on-site inspection on the subject restaurant. The parties were unable to resolve this very basic discovery issue among themselves, and this court had to intervene and issue an Order regarding an on-site inspection. On August 8, 2011, this court granted Plaintiffs' Oral Motion Re: the inspection of the restaurant. In particular, this court ordered that the inspection take place on Tuesday, August 16, 2011, between 5:00 a.m. and 7:00 a.m. The inspection was not to include the kitchen or any business office. The inspection could include the two raised dining areas, the first floor/bar area, the outside patio/dining area, and the restrooms. See docket no. 98. As a result of such inspection, Plaintiffs now argue that there are other ADA violations within the restaurant, and they now seek to add those allegations to the complaint. If the parties would have cooperated and used some common sense, within the spirit of the Federal Rules of Civil Procedure, and worked out a time, date, and

3

reasonable scope of such site inspection without court intervention, the Plaintiffs would have been able to move to amend their Complaint much sooner; and

6. That the subject motion (docket no. 113) is made after the deadline for amendment of pleadings, and thus this court has applied the following analysis in deciding whether to allow the amendments:

> Where, as here, a motion to amend the pleadings . . . is filed after the scheduling order deadline, a "two-step analysis" is required. Once a scheduling order's deadline for amendment has passed, a movant must first demonstrate to the court that it has "good cause" for seeking modification of the scheduling deadline under Rule 16(b). If the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a) . . . .
>
> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good

4

cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001) (quotations and citations omitted). This court finds that the Plaintiffs have satisfied this first step in the analysis and have established good cause to extend the deadline within which they may seek leave to amend the complaint.

The second step is consideration of whether the Plaintiffs have satisfied the standard for amendment of pleadings required under Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Id. at 669 (citation omitted). Based upon this standard, and substantially for the reasons stated in the subject

5

motion to amend (docket no. 113) and in the reply (docket no. 121), this court finds that the proposed amendments should be permitted. The court notes that no trial date has been set in this matter. In the event the parties believe that additional discovery is warranted in light of these amendments, they may move to extend discovery for a reasonable period and to alter any other deadlines. Thus, any prejudice that might arise from these amendments is capable of being cured.

### ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Plaintiffs' Motion for Leave to File Supplemental and Third Amended Complaint (docket no. 113) is **GRANTED**. The Supplemental and Third Amended Complaint (docket no. 113-1) is accepted for filing as of the date of this Order; and

2. That each party shall pay their own attorney fees and costs for this motion.

Done this 28th day of September 2011.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE