IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 10-cv-03135-RPM-MJW

TIMOTHY P. FOX,
JON JAIME LEWIS,
JULIE REISKIN, and
COLORADO CROSS-DISABILITY COALITION, Colorado non-profit corporation,
    Plaintiffs,
v.

MORREALE HOTELS, LLC., a Colorado limited liability company, and
SKETCH RESTAURANT, LLC. d/b/a EL DIABLO, a Colorado limited liability company,

    Defendants.

_____

ORDER ON CROSS MOTIONS FOR PARTIAL SUMMARY JUDGMENT
_____

    The limited question presented by cross motions for summary judgment is the meaning of a Department of Justice design guideline for alterations to existing space in a place of public accommodation to comply with the mandate of the Americans with Disabilities Act ("ADA").  The relevant facts are stipulated.

    Morreale Hotels, LLC owns an old hotel building at 101 Broadway in Denver, Colorado and rents first floor space to Sketch Restaurant, LLC., owner and operator of El Diablo, a Mexican food restaurant.  The space was renovated before the restaurant opened in August, 2010.  The interior dining area covers 3,390 square feet.  Booths and tables at the north and south sides of the restaurant are on floors that are raised about one step up from street level.  Those elevated areas, totaling about 840 square feet, were put in during alterations.  They are not accessible to persons with mobility limitations requiring the use of wheelchairs.

The individual plaintiffs are so limited and are members of the Colorado Cross-Disability Coalition, a disability rights advocacy organization.  They claim a denial of the protections afforded them by the ADA, particularly 42 U.S.C. § 12183(a)(2), prohibiting discrimination "by a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs."

The defendants were required to comply with Department of Justice Standards for Accessible Design, providing that "[i]f existing elements, spaces, or common areas are altered, then each such altered element, space, feature, or area shall comply with the applicable provisions of 4.1.1 to 4.1.3 Minimum Requirement [for New Construction]."  28 C.F.R. pt 36, app. D, § 4.1.6(b).  The Department of Justice Standards require that "[n]o alteration shall be undertaken which decreases or has the effect of decreasing accessibility or usability of a building or facility below the requirements for new construction at the time of alteration."  28 C.F.R. pt 36, app. D, § 4.1.6(1)(a).  Defendants made a flat, accessible space into a space with inaccessible areas.  There is not a ramp or wheelchair lift.  All alterations to El Diablo took place in 2009 or 2010 before September 15, therefore, the restaurant is required to comply with the 1991 Standards.  28 C.F.R. § 36.406(a)(1).

The defendants deny this claim, relying on an exception in the regulations, interpreting the phrase "to the maximum extent feasible" as applies "to the occasional case where the nature of an existing facility makes it virtually impossible to comply fully with applicable accessibility standards through a planned alteration.  In these circumstances, the alteration shall provide the maximum physical accessibility feasible.

Any altered features of the facility that can be made accessible shall be made accessible." 28 C.F.R. § 36.402(c).

The defendants reliance on that exception is contrary to its plain meaning-that accessibility to existing raised seating areas is not required in alterations. That was made clear when the Department of Justice adopted the 2010 Standards by adding the word "existing". The exception as it appears in the 2010 Standards is as follows:

> 206.2.5. Restaurants and Cafeterias. In restaurants and cafeterias, an accessible route shall be provided to all dining areas, including raised or sunken dining areas, and outdoor dining areas.
>
> EXCEPTIONS
> . . .
>     2. In alterations, an accessible route shall not be required to existing raised or sunken dining areas, or to all parts of existing outdoor dining areas where the same services and decor are provided in an accessible space usable by the public and not restricted to use by people with disabilities.

This standard was enacted after the renovation work done in this case. It is a clarification of the exception applicable in this case. When read in the context of the statute, the regulations are the 1991 Standards, the disputed language in Section 5.4 does not permit alterations that make the restaurant less accessible than it would have been before the work was done. In short, the alterations made to the El Diablo Restaurant space created a new barrier to wheelchairs.

Accordingly, it is ORDERED that the plaintiffs' motion for partial summary judgment is granted and the defendants' motion for partial summary judgment is denied.

DATED: November 9, 2011

                BY THE COURT:

                s/Richard P. Matsch
                _____
                Richard P. Matsch, Senior Judge