IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 10-cv-03135-RPM-MJW

TIMOTHY P. FOX,
JON JAIME LEWIS,
JULIE REISKIN, and
COLORADO CROSS-DISABILITY COALITION, Colorado non-profit corporation,

    Plaintiffs,

v.

MORREALE HOTELS, LLC., a Colorado limited liability company, and
SKETCH RESTAURANT, LLC. d/b/a EL DIABLO, a Colorado limited liability company,

    Defendants.

---

## ORDER GRANTING INJUNCTIVE RELIEF
---

On November 9, 2011, this Court entered an Order on Cross Motions for Partial Summary Judgment on findings and conclusions that the defendants violated the Americans with Disabilities Act ("ADA") by renovating the first floor of an existing hotel building to create a first floor dining area of 3,390 square feet by creating two elevated areas, totaling 840 square feet, which are not accessible to persons with mobility limitations requiring the use of wheelchairs.

The plaintiffs moved for entry of a permanent injunction on November 18, 2011, to require the defendants to make such modifications as necessary to remove the barriers to wheelchairs caused by this elevated seating. The plaintiffs have not specified the manner of the remediation required.

The defendants have opposed any injunctive relief, arguing that the November 9, 2011,

order erroneously interpreted their position that the Department of Justice regulations issued on September 15, 2010, provides an exception to the requirements for accessibility for alterations to raised or sunken areas. ADAAG §5.4. That argument is rejected because the alterations made in this case created the raised area; there was no modification of any existing elevated area.

Defendants argue that the Court should deny injunctive relief because plaintiffs have not demonstrated, and cannot demonstrate, that defendants' raised dining areas have irreparably harmed them. Defendants point out that El Diablo provides wheelchair-accessible dining in the restaurant's street-level space equal to dining on the raised portion of the restaurant. "There is absolutely no restriction on use of this street-level space, or any other portion of El Diablo, to individuals with disabilities." (p. 20, Defendants' Memorandum).

Defendants also argue that an injunction would create a hardship to their business. They claim that the raised portions of the restaurant would have to be ripped out, redesigned, and the restaurant closed for construction. Defendants argue they are a small business which has "added life" to a depressed part of Denver. Defendants argue that issuing an injunction would be fundamentally unfair. The argument is an exaggeration of what may be a modification to provide access. The installations of ramps may be all that is needed.

The injury to the plaintiffs and those persons represented by the Colorado Cross-Disability Coalition is that when they patronize this restaurant, they must suffer the indignity of discriminatory treatment by their exclusion from 840 square feet of the dining area solely because they use wheelchairs. The elimination of that discriminatory treatment goes to the very purpose of the ADA and it can only be remedied by requiring such modification to those areas as to make them accessible to wheelchairs.

ORDERED, the plaintiffs' Motion for Injunctive Relief is granted: On or before April 23, 2012, the defendants shall file a remedial plan for removing the barrier to wheelchair access to be included in a final injunction.

Dated: March 5, 2012

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge